# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Douglas Bright,
14629 Parkside Dr,
Dolton, IL 60419

        Plaintiff,

v.

Dominique Gandy
2300 S 9th Ave
Broadview, IL. 60155

and

Douglas Schofield, in his/her official capacity
as Attorney for Dominique Gandy
8311 Springfield Ave
Skokie, IL  60076

 and

Maura McMahon Zeller in her Individual and Official Capacity
Care of 1500 Maybrook Drive
Maywood, IL 60153,

and

Judith Rice in her Individual and Official Capacity
Care of 1500 Maybrook Drive
Maywood, IL 60153

        Defendant.

1:24-cv-1425
Judge John F. Kness
Magistrate Judge Beth W. Jantz
Random/CAT 2

**RECEIVED**

FEB 16 2024 MEK

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

COMPLAINT FOR VIOLATION OF CHILD HEALTH, SAFETY, AND WELFARE LAWS,

BREACH OF CONTRACT, AND REQUEST TO COMPEL MEDIATION

---

I. INTRODUCTION

Plaintiff, Douglas Bright, Pro Se, brings this action against Dominique Gandy and Douglas Schofield, in his/her official capacity as Attorney for Dominique Gandy, the County of Cook by and through action of administrative personnel named, Dominique Gandy, and State Judge (Maura Zeller and Judith Rice), for breach of contract and violations of federal child health, safety, and welfare laws promulgated by the federal government. Specifically, Plaintiff asserts that the Defendants' actions have resulted in a violation of his child's well-being, health, safety, and welfare and have interfered with his constitutional rights to association and support as a biological parent. Moreover, it amounted to a "taking" without just compensation or actual due process of law as well as against his wishes and over his express objections.

Important Legal Tenets having bearing:

In legal terms, parents have certain rights and responsibilities towards their children, and these are established through legal frameworks, including:

**Parental Rights**: Parents typically have legal rights that encompass the right to custody, visitation, and decision-making authority for their children. These rights are typically defined in family law statutes and can vary depending on the legal status of the parents (e.g., married, divorced, unmarried).

**Child Custody and Visitation Agreements**: When parents separate or divorce, they often create formal custody and visitation agreements, either voluntarily or through court orders, to outline each parent's rights and responsibilities regarding the child.

**Child Support**: Parents are usually legally obligated to provide financial support for their children. Child support guidelines and calculations are established by state or federal laws and are based on factors such as the parents' income and the child's needs.

**Best Interests of the Child**: Courts generally make decisions related to child custody, visitation, and support based on the best interests of the child. This principle prioritizes the child's well-being, safety, and stability.

**Child Welfare and Protection Laws**: Laws and agencies exist to protect children from abuse, neglect, and harm. These laws establish standards for the care and well-being of children and outline the responsibilities of parents and caregivers.

While there is no "natural contract" implied between unmarried parents that create a child in a legal sense, the legal framework and principles mentioned above serve as the foundation for defining the rights and responsibilities of parents towards their children. These laws are intended to protect the interests and welfare of children while respecting the rights of parents within the bounds of the law.

The parties in this dispute were married when the child was conceived and born. The laws provide that when a child is conceived and born within the context of a marriage, there is an implied legal agreement between the married spouses regarding their rights and responsibilities as parents. This implied agreement is based on established legal principles and is often formalized by state laws. Here are some key aspects of the implied agreement between married spouses when a child is conceived within the marriage:

**Joint Custody and Parental Rights**: In most legal systems, both spouses in a marriage are presumed to have joint custody of their child. This means that both parents have equal rights to make decisions about the child's upbringing, including matters related to education, healthcare, religion, and general welfare.

**Support Obligations**: Both parents are typically legally obligated to provide financial support for their child's needs. This support can encompass financial contributions for the child's living expenses, education, and healthcare. The extent of this obligation may vary based on factors like income, the child's needs, and the laws of the jurisdiction.

**Presumption of Paternity**: When a child is born to a married couple, there is usually a legal presumption that the husband is the child's biological father. This presumption can affect issues such as paternity rights, child support, and inheritance.

**Access and Visitation Rights**: Married parents have implied rights to access and visitation with their child. They can spend time with their child, build a relationship, and participate in the child's life unless a court order restricts or determines otherwise.

**Legal Recognition of the Marriage**: The marriage itself is a legal agreement that carries certain rights and obligations, including those related to children. The marriage certificate serves as evidence of the marital relationship and is often used to establish parental rights.

**Best Interests of the Child**: Courts typically make decisions regarding child custody, support, and visitation based on the best interests of the child. This means that the child's well-being, safety, and development are paramount considerations in any legal proceedings involving the child.

According to legal policy and custom It's important to note that while there is an implied agreement between married spouses regarding parental rights and responsibilities, disputes or issues related to child custody, support, and visitation can still arise. In such cases, the legal system provides a framework for resolving these matters while ensuring that the child's best interests are upheld.

It must be noted in this that the US Constitution, as adopted by the state constitutions, provides that "nothing may impair the obligations of contracts" and that "private property may not be taken for public use without just compensation".

Observation demonstrates that Laws and regulations governing family and child-related matters may vary from jurisdiction to jurisdiction, but this Constitutional law embedded throughout the law as the inner-limits of the law itself remains unchanged and varies not.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) as this action involves federal statutes, including 42 U.S.C. § 1983, and alleges violations of the United States Constitution and federal child health, safety, and welfare laws. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in Cook County, Illinois. Declaratory Relief is also sought (28 USC 2201).

## III. PARTIES

Plaintiff, Douglas Bright, is a resident of Dolton, Illinois. He is the father of a minor child and has been alienated from his son due to the actions of the Defendants.

- Defendant Dominique Gandy and Douglas Schofield are lawyer and client who have systematically imposed upon the rights, responsibilities, and relationships of Plaintiff with his biological child.

- The County of Cook is a municipal entity responsible for overseeing custody and child welfare matters.

- Dominique Gandy is the other parent involved in the custody dispute.

- State Judge Maura Zeller and Judith Rice are the presiding judge and judge(s) responsible for overseeing divorce and custody proceedings.

## IV. FACTS

Plaintiff alleges that due to the actions of the Defendants, he has been unjustly separated from his son for over 2.5 years. The divorce proceedings (Case No. 2021D430050) have concluded, but an Order of Protection against him remains in effect until 2025, based on unfounded allegations and as such, and which only serve the role to, alienate him from his child under guise of safety of the parent.

It is important to note that Plaintiff does not allege that the other parent is abusive towards the child. Instead, Plaintiff contends that the other parent has been neglectful in duties to ensure that the child is involved with Plaintiff and has actively obstructed the parent-child relationship.

## V. CLAIMS FOR RELIEF

A. Breach of Contract:

- Defendant Dominique Gandy and Douglas Schofield, the County of Cook , and all others are all parties to by becoming participants in and participants in obstructing the implied contract between parents to ensure the child's health, safety, and welfare.

7 of 13

- The offending conduct includes interference with Plaintiff's custodial rights, failure to provide a safe and supportive environment for the child, and actively obstructing the parent-child relationship.

- Defendant Dominique Gandy and Douglas Schofield, the County of Cook, and the other Defendants are jointly and severally liable for breaching this implied contract and/or trespassing thereupon.

B. Violation of Federal Child Health, Safety, and Welfare Laws:

- The County of Cook is responsible for overseeing child welfare matters and ensuring compliance with federal child health, safety, and welfare laws.

- The offending conduct by the County includes a failure to adhere to federal child health, safety, and welfare laws and neglecting to protect the child's best interests during custody proceedings.

- Defendant Dominique Gandy and Douglas Schofield, and State Judges named herein are jointly and severally liable for contributing to the violation of these federal laws.

C. Violation of the Fourteenth Amendment (Due Process):

- State Judge Zeller and Rice in their roles as the presiding judge/Judges, are responsible for ensuring due process during custody proceedings.

- The offending conduct includes not providing a fair and impartial hearing, relying on unfounded allegations, and prolonging the separation between the child and Plaintiff without just cause.

- State Judge Zeller and Rice are liable for violating Plaintiff's due process rights and cannot show at a trial on the merits otherwise.

D. Violation of the First Amendment (Right to Association and Support):

- Dominique Gandy, by actively alienating the child from Plaintiff and obstructing the parent-child relationship, has violated Plaintiff's First Amendment rights.

- The offending conduct also includes the County of Cook not facilitating an environment that allows Plaintiff and the child to maintain their parent-child relationship.

- Dominique Gandy, Douglas Schofield, and the County of Cook are jointly and severally liable for the violation of these constitutional rights.

E. Supervisory Liability:

- The County of Cook, as the overseeing entity, is responsible for supervising its employees involved in custody proceedings.

- The offending conduct includes failing to train, supervise, and monitor subordinates, leading to the continuation of actions that infringe upon Plaintiff's and the child's rights.

- The County of Cook is liable for failing in its supervisory duties.

F. REQUEST TO COMPEL MEDIATION

- Plaintiff, Douglas Bright, respectfully requests that this Court compel mediation between the parties involved in this dispute, pursuant to applicable state and federal

laws. Mediation is requested in the interest of promoting a peaceful resolution and ensuring the child's best interests are met. Plaintiff is willing and prepared to participate fully in mediation proceedings and requests that the Court set a date for mediation promptly.

VI. PRAYER FOR RELIEF (AMENDED)

Plaintiff, Douglas Bright, requests the following relief:

- A declaration that Defendants breached their contractual obligations, violated federal child health, safety, and welfare laws, and infringed upon constitutional rights.

- Compensatory damages for the harm and distress suffered by the child and Plaintiff.

- Punitive damages against Defendants for their disregard of Plaintiff's and the child's rights.

- An injunction requiring policy revision by the County of Cook to ensure compliance with federal child health, safety, and welfare laws.

- An injunction requiring the removal of the unjust Order of Protection.

- Reasonable attorney's fees and costs pursuant to applicable law.

- Compelling mediation between the parties.

- Any other relief deemed just and appropriate.

VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

```

```

This comprehensive amended complaint includes all the necessary elements, claims, and requests, along with the clarification regarding the nature of the allegations against the other parent and the request to compel mediation.

All set forth herein is sworn truth per 28 USC 1746.

Respectfully Presented:

Douglas Bright,
14620 Parkside Dr,
Dolton, IL 60419
Phone: 312-852-3802
Email: douglasjbright@gmail.com

AFFIDAVIT IN VERIFICATION

I, DOUGLAS BRIGHT, DO HEREBY STATE ALL HEREIN AND ABOVE AS TRUTH SWORN UNDER PENALTY OF PERJURY UNDER THE ILLINOIS LAWS AND RECORD/CLAIMS ACCURACY LAWS [SEE ALSO 28 USC 1746].

1. I AM OVER AGE 18.

2. ALL SET FORTH HEREIN AND ABOVE AND ANNEXED ARE TRUTH AND TO THE EXTENT ANYTHING IS ON INFORMATION AND BELIEF IT IS BELIEVED TO BE TRUTH.

3. IF CALLED TO REPEAT ANY OF IT I WOULD, AND I WOULD LIKE EVERYONES INSURANCES ASAP, AS WELL AS FOR ALL ACCUSED TO ADHERE TO INSURANCE CLAIMS DUE PROCESS AND FAIR CLAIMS PROCESSING POLICIES OF ILLINOIS IMMEDIATELY.

4. I AM A FIRST-HAND WITNESS AND VICTIM OF ALL EXPLAINED.

5. THE ATTACHED DOCUMENTS ARE TRUE AND CORRECT COPIES FROM MY PERSONAL RECORDS.

6. I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT AFFIDAVITS ARE NOT PRIMA FACIE PROOF OF THE TRUTH AND ACCEPTED AS SUCH IN THESE COURTS.

7. I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT THE TRUTH IS NOT AS I'VE STATED HEREIN ABOVE AND AS ATTACHED AND I DO NOT BELIEVE THAT ANY PROOF AND EVIDENCE EXISTS TO DEMONSTRATE THE TRUTH IS OTHER THAN STATED AND REQUIRE STRICT PROOFS IF ANY SUGGESTS OTHERWISE.

Signed: /s/_x_____ [L.S./SEAL]
Mr. Douglas Bright,
14629 Parkside Dr,
Dolton, IL 60419
Phone: 312-852-3802
Email: douglasjbright@gmail.com

Dear Clerk,

Enclosed please find my Complaint for filing, I have not included a filing fee but I have included a waiver of prepayment form. I ask that the Complaint be filed, and a case number assigned, and upon issuance of an order to pay the filing fee or give more information I will pay the filing fee promptly. I am just unable to pay the fee at this time but time is of the essence and I did not want to delay.

Please issue summonses and 3 subpoena duces tecum forms as I will need them.

Thank you in advance.

Sincerely,



U.S. POSTAGE PAID
FCM LG ENV
PEWAUKEE, WI 53072
FEB 12, 2024
**$10.16**
R2305H127094-07
60604

Retail

UNITED STATES POSTAL SERVICE

RDC 99

CERTIFIED MAIL

7020 0090 0000 1398 2658

RECEIVED

Douglas Bright
14626 Parkside Drive
Dolton, Illinois 60419

Attn: Clerk of Court
U.S. District Court
219 S. Dearborn St.
Chicago, IL 60604