**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOUGLAS BRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIQUE GANDY *et al.*,<br><br>Defendants. | No. 24 C 1425<br><br>Judge John F. Kness |

## MEMORANDUM OPINION AND ORDER

In the operative first amended complaint,[1] Douglas Bright alleges that two state-court judges, his ex-wife, his ex-wife's lawyer, and Cook County interfered with his rights to co-parent his minor child by requesting and imposing an order of protection restricting his access to the child. (*See* Dkt. 17 at 4–5.) Defendants Dominique Gandy (Bright's ex-wife), Judge McMahon Zeller, and Judge Rice have moved to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Dkt. 30.)[2] Under the *Rooker-Feldman* doctrine and the domestic-

[1] On September 30, 2024, Defendants McMahon Zeller and Rice served a motion under Rule 12(b) (Dkt. 9) in response to Plaintiff's original complaint (Dkt. 6). Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff then had 21 days to amend his complaint. Plaintiff filed an amended complaint on November 5, 2024, after the 21-day period ended. (Dkt. 17.) The parties have treated the amended complaint as operative despite its untimeliness (*see, e.g.*, Dkt. 31 *passim*), and no party has moved to strike it. Because no prejudice would result from granting leave to amend *nunc pro tunc*, the amended complaint is construed as being accompanied by a motion for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2). That motion is granted.

[2] Defendants Judge McMahon Zeller and Judge Rice (together, the Judge Defendants) filed the motion. (Dkt. 30.) Defendant Gandy adopted the written arguments in support of the Judge Defendants' motion. (Dkt. 29.) Defendants Schofield (Gandy's lawyer) and Cook

relations exception to federal jurisdiction, the Court lacks subject-matter jurisdiction over any of the claims that request only injunctive or declaratory relief that would undo the order of protection, or that request a child-custody order, so those claims are dismissed without prejudice. The remaining claims against the Judge Defendants are dismissed with prejudice because the Judge Defendants are absolutely immune from suit. The remaining claims against Gandy are dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I. BACKGROUND[3]

Plaintiff Bright is the biological father of a minor child, and Gandy is that child's mother. (Dkt. 17 at 3.) After the marriage between Bright and Gandy was dissolved, the Circuit Court of Cook County, Illinois, entered an order of protection against Bright, forbidding him to contact Gandy and their child. (*See id.* at 4; Dkt. 31-11 (order of protection).)[4] The order of protection expired on April 7, 2025. (Dkt. 31-11 at 1.)

While the order of protection was still in effect, Bright sued Defendants in this Court for "alleged violations of his constitutional rights and federal child health,

County do not appear to have been served. (*See* Dkt. 16.) Bright has filed two sur-replies (which are really sur-responses) in opposition to the motion to dismiss. (Dkt. 36; Dkt. 37.) Those sur-responses are stricken because Bright did not request leave to file either of them and because he has had a full and fair opportunity to brief the issues. *See Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014).

[3] Faced with a motion to dismiss, the Court must accept the facts alleged in the operative complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).

[4] Courts may take judicial notice of public filings on another court's docket. *See Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018).

safety, and welfare laws." (Dkt. 17 at 2.) Bright alleges that the order of protection "is based on unsubstantiated allegations and has resulted in unwarranted interference with his parental rights." (*Id.* at 4.)

Bright asserts Count I for breach of contract against Gandy and Scofield for "obstructing Plaintiff's custodial rights" from the "implied contract arising from the marital relationship"; Bright seeks damages "for the harm caused by the breach." (*Id.* at 5.) Against all Defendants, Bright asserts Count II for "violation of federal child health, safety, and welfare laws." (*Id.* at 5–6.) Against the Judge Defendants, Bright asserts Count III for violation of the Fourteenth Amendment's Due Process Clause and seeks "compensatory damages and injunctive relief to prevent further due process violations." (*Id.* at 6.) Bright asserts Count IV for violation of the First Amendment right to familial association against Gandy, Scofield, and Cook County; Bright seeks "compensatory and punitive damages to address the harm caused by this interference." (*Id.* at 6–7.) Bright also asserts a theory of supervisory liability (labeled "Count V") against Cook County: "that Cook County failed in its duty to train, supervise, and monitor personnel involved in child welfare and custody matters," and that lack of supervision "enabled ongoing actions that infringed upon Plaintiff's rights and his child's welfare." (*Id.* at 7.) Bright also seeks an order compelling mediation "to ensure a peaceful resolution that prioritizes the child's best interests." (*Id.*)

The moving defendants seek to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim.

## II. LEGAL STANDARDS

A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's jurisdiction to hear a case. Courts must accept the well pleaded factual allegations of the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). But the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588–89. When motions under Rule 12(b)(1) and Rule 12(b)(6) are presented together a Court should consider the Rule 12(b)(1) motion first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's

factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## III. DISCUSSION

### A. Subject-Matter Jurisdiction

The federal courts are courts of limited jurisdiction, and they may not act unless both the Constitution and an act of Congress permit them to do so. *See Groves v. United States*, 941 F.3d 315, 323 (7th Cir. 2019). Two different jurisdictional doctrines bar parts of this suit: the *Rooker-Feldman* doctrine and the domestic relations exception.

Under the *Rooker-Feldman* doctrine, the federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although a plaintiff can attack the lawfulness of conduct during the state-court litigation (like abuse of process) or the validity of the statute upon which the judgment rests, the plaintiff cannot seek to have a federal court review and reverse the state-court judgment itself. *See Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766–67 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1167 (2025). State law "determines the finality of a state judicial decision," *Mehta v. Att'y Registration & Disciplinary Comm'n of the Sup. Ct.*, 681 F.3d 885, 887 (7th Cir. 2012), and a plenary order of protection is a final and

appealable order—a judgment—under Illinois law, *see Scheider v. Ackerman*, 860 N.E.2d 1140, 1140–41 (Ill. App. Ct. 2006).

The "key *Rooker-Feldman* inquiry" is "identifying what the plaintiff has requested" in the federal case. *Gilbank*, 111 F.4th at 793. In particular, the court must ask "whether the relief a plaintiff seeks would reverse a state court judgment." *Id.* For example, "in a case where the state-court judgment sounded in monetary relief, a plaintiff repairing to federal court pursuing refund or adjustment of the sum assessed against her could be seeking review and rejection of that judgment because the relief sought would nullify or modify the judgment." *Id.* at 795. In contrast, if the plaintiff seeks money damages in federal court to redress violations of constitutional rights during a state-court proceeding that itself resulted only in a custody decision, the *Rooker-Feldman* doctrine does not bar the federal case. *See id.* at 791, 796–97. That is because an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party," is not barred by the *Rooker-Feldman* doctrine. *Exxon*, 544 U.S. at 293 (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

Any of Bright's claims for which he seeks only injunctive and declaratory relief that would undo the order of protection are barred by the *Rooker-Feldman* doctrine because those claims ask for an effective reversal of the order of protection itself. But Bright also seeks compensatory and punitive damages for "emotional distress and lost parental time," among other unstated harms. (Dkt. 17 at 8.) An award of those damages, although they would deny the legal conclusions inherent in the order of

protection, would not "reject" the order of protection under *Gilbank*, so the *Rooker-Feldman* doctrine does not bar Bright's claims to the extent that he seeks damages.

To the extent that Bright seeks a child custody order, the Court lacks jurisdiction on another ground. Under the domestic-relations exception to federal jurisdiction, a federal court cannot entertain suits seeking "child custody orders" or an *in rem* order that would interfere with a state court's pre-existing *in rem* jurisdiction over a domestic-relations action. *See Kowalski v. Boliker*, 893 F.3d 987, 995–96 (7th Cir. 2018). Bright asks for an order that would "restore Plaintiff's rights to a relationship with his child" and prevent Defendants from interfering with his ability to co-parent his child. (Dkt. 17 at 4, 8.) That is exactly the type of order the domestic-relations exception bars.

### B. Judicial Immunity

The remaining counts against the Judge Defendants are Count II (violation of federal child health, safety, and welfare laws) and Count III (violation of the Due Process Clause) to the extent that those counts seek damages or injunctive relief that would not undo the order of protection. The Judge Defendants are immune from both counts.

Judges cannot be sued for judicial acts, even when those acts are in "in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (absolute judicial immunity applies even when a judge's exercise of authority is "flawed by the commission of grave procedural errors"). Judicial immunity is absolute unless the suit challenges actions (1) "not taken in the

judge's judicial capacity" or (2) "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Neither exception to absolute judicial immunity applies. The sole factual allegation against the Judge Defendants is that they issued and maintained the order of protection "without a fair hearing or impartial review." (Dkt. 17 at 6.) Those are judicial acts, and there is no dispute that the Judge Defendants acted with jurisdiction. Counts II and III, to the extent that the Court has subject-matter jurisdiction over them, are dismissed with prejudice as to the Judge Defendants.

**C. Remaining Counts Against Gandy**

The remaining counts against Gandy are Count I (breach of contract), Count II (violation of federal child health, safety, and welfare laws), and Count IV (violation of the right to familial association). Plaintiff fails to state a claim as to any of those three counts.

The only factual allegation against Gandy as to the breach-of-contract count is that she "obstructed Plaintiff's access to the child by refusing to foster a supportive environment for co-parenting and actively alienating the child from Plaintiff." (*Id.* at 4.) As for the count alleging violation of federal child welfare laws, the sole allegation is that Gandy "contributed to the violation of federal child welfare standards by [her] actions." (*Id.* at 6.) And as for the violation of the right to familial association, Plaintiff asserts only that Gandy "actively obstructed his relationship with his child." (*Id.* at 6.)

For each count, the allegations do not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555

(omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff does not satisfy even the minimal requirement of including "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Counts I, II, and IV are dismissed without prejudice as to Gandy.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss (Dkt. 30) is granted. Any claim that requests only injunctive or declaratory relief that would undo the order of protection, or that requests only a child-custody order, is dismissed without prejudice. Counts II and III, to the extent that the Court has jurisdiction over them, are dismissed with prejudice as to the Judge Defendants. Counts I, II, and IV are dismissed without prejudice as to Gandy. If Plaintiff believes he can cure the defects that concern the allegations against Defendant Gandy, he may file an amended complaint.

SO ORDERED in No. 24 C 1425.

Date: September 30, 2026

JOHN F. KNESS
United States District Judge